# EXHIBIT 'A'

April 24, 2025
FOIA Request

To:   Freedom of Information Act/Privacy Act Section
      Office of General Counsel
      Federal Bureau of Prisons
      320 First Street, N.W.
      Washington, DC 20534
      Telephone- (202) 514-6655

From: LaWanda A. Johnson
      P.O. Box #561
      Aberdeen, Washington 98520
      Telephone- (253) 318-0865
      e-mail- lawanda4656@yahoo.com

Request:

   I request the following records:

      1. Results of my *intake medical screening*, *psychological screening*, and *social interview*, contained in my central file.   (See 28 C.F.R. § 522.21(a)(3)).

      2. The Bureau of Prison's *verification of my substance use disorder*.   (See 28 C.F.R. § 550.53(b)(1)).

      3. Notification to the committing court, U.S. Marshal, U.S. Attorney's Office, the inmate's attorney of record, and the designated family member or next of kin, of my serious illness (i.e., substance use disorder).   (28 C.F.R. § 551.114(c)).

To facilitate this request, I include my former Inmate Number   6 1 3 1 1 - 0 1 9  .

Records responsive to my request should be located in my central file; or, the Bureau of

Prison's SENTRY.   (See attachment 'A').

   Cordially,

   _LaWanda A. Johnson_
   _____
   LaWanda A. Johnson, Ph.D.

      "You need to persevere so that when you have done the will of God,
            you will receive what he has promised."
                        (Heb. 10:36- NIV)



United States Government Accountability Office

## Report to Congressional Committees

February 2018

# FEDERAL PRISONS

# Information on Inmates with Serious Mental Illness and Strategies to Reduce Recidivism

GAO-18-182

A - 2

and suicide risk.[1] BOP defined "serious mental illness" in accordance with the agency's program statement, BOP Program Statement 5310.16, Treatment and Care of Inmates with Mental Illness, May 1, 2014. On August 15, 2017, in a memorandum for the Comptroller General of the United States from the Acting Director of BOP, BOP defined "serious mental illness" for purposes of section 14016 of the 21st Century Cures Act. BOP officials indicated that six criteria to identify the population of inmates with serious mental illness who were incarcerated in fiscal years 2016 and 2017 would coincide with the definition for "serious mental illness" provided in the memorandum for the Comptroller General of the United States for purposes of the 21st Century Cures Act and identify an identical set of BOP inmates with "serious mental illness" for fiscal years 2016 and 2017. BOP applied these criteria to inmate information in its SENTRY, Bureau Electronic Medical Record (BEMR), and Psychology Data System (PDS) data systems to identify inmates with serious mental illness.[2] To assess the reliability of the these data, we performed electronic data testing for obvious errors in accuracy and completeness, and interviewed agency

[1]BOP operationalized its definition of serious mental illness using the following six criteria: (1) Inmate was evaluated by BOP and assigned a mental health care level 3—an inmate requires enhanced outpatient mental health care, such as weekly psychosocial intervention or residential mental health care; (2) Inmate was evaluated by BOP and assigned a mental health care level 4—an inmate requires acute care in a psychiatric hospital; the inmate is gravely disabled and cannot function in a general population environment; (3) Inmate was assigned a mental health study level 4—indicated that the inmate was subject to a court ordered forensic study that required an inpatient setting; (4) Inmate was diagnosed to have one or more of 74 Diagnostic and Statistical Manual of Mental Disorders diagnoses, both active and in remission, that BOP considers a serious mental illness; (5) Inmate was evaluated by BOP and identified as a chronic suicide risk, due to the inmate having a history of two or more suicide attempts; and (6) Inmate was evaluated by BOP and assigned a psychology alert status, a designation applied to inmates who were evaluated as having substantial mental health concerns and requiring extra care when changing housing or transferring institutions.

[2]BOP's SENTRY is a real-time information system consisting of various applications for processing sensitive but unclassified inmate information and for property management. Data collected and stored in SENTRY include information relating to the care, classification, subsistence, protection, discipline, and committed criminal offense(s) of BOP's inmates. BOP uses the BEMR system to keep track of an inmate's medical, social, and psychological history. It includes information on an inmate's clinical encounters (for care both inside the institution and outside care from contracted providers) and medications prescribed, among other things. BOP's Psychology Services staff uses PDS to manage all documentation relevant to inmate mental health including: psychological evaluations and assessments, drug and alcohol abuse treatment, therapy, counseling, and crisis intervention. PDS also has a treatment group component, which is used to manage the clinical treatment groups within the institution (e.g., drug education, sex offender treatment).

A - 3

U.S Department of Justice  **Certification of Identity**  

FORM APPROVED OMB NO. 1103-0016
EXPIRES 04/30/27

**Privacy Act Statement.** In accordance with 28 CFR Section 16.41(d) personal data sufficient to identify the individuals submitting requests by mail under the Privacy Act of 1974, 5 U.S.C. Section 552a, is required. The primary purpose for the collection of the information on this form is to ensure that the records of individuals who are the subject of U.S. Department of Justice systems of records are not wrongfully disclosed by the Department. The authority by which information is collected on this form is 5 U.S.C. § 552 and 5 U.S.C. § 552a(a), as well as 28 CFR Section 16.41(d). Any information you provide may also be disclosed pursuant to a "routine use" under the Privacy Act of 1974, 5 U.S.C. § 552a, listed in a DOJ System of Records Notice, which may include: JUSTICE/DOJ-004 Freedom of Information Act, Privacy Act, and Mandatory Declassification Review Records (CMS) for the Department of Justice, available at https://www.justice.gov/opcl/doj-systems-records#DOJ. Your disclosure of information to the Department of Justice on this form is voluntary. If you do not complete all or some information fields in this form, however, the Department of Justice may not be able to effectively respond to your request. False information on this form may subject the requester to criminal penalties under 18 U.S.C. § 1001 and/or 5 U.S.C. § 552a(i)(3).

Public reporting burden for this collection of information is estimated to average 0.50 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Suggestions for reducing this burden may be submitted to the Office of Information and Regulatory Affairs, Office of Management and Budget, Public Use Reports Project (1103-0016), Washington, DC 20503.

Full Name of Requester [1]  _LaWanda Aretta Johnson_

Citizenship Status [2] _U.S. Citizen_  Social Security Number [3] _Redacted_

Current Address _Mailing: P.O. Box 661; Aberdeen, WA 98520_
_Res: 1152 N. Broadway; Aberdeen, WA 98520_

Date of Birth _Redacted_  Place of Birth _Hamlin, Texas_

## OPTIONAL:  Authorization to Release Information to Another Person

This form is also to be completed by a requester who is authorizing information relating to himself or herself to be released to another person.

Further, pursuant to 5 U.S.C. Section 552a(b), I authorize the U.S. Department of Justice to release any and all information relating to me to:

---

### Print or Type Name

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that I am the person named above, and I understand that any falsification of this statement is punishable under the provisions of 18 U.S.C. Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years or both, and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of 5 U.S.C. 552a(i)(3) by a fine of not more than $5,000.

Signature [4]  _LaWanda A. Johnson_  Date _April 24, 2025_

---

[1] Name of individual who is the subject of the record(s) sought.
[2] Individual submitting a request under the Privacy Act of 1974 must be either "a citizen of the United States or an alien lawfully admitted for permanent residence," pursuant to 5 U.S.C. Section 552a(a)(2). Requests will be processed as Freedom of Information Act requests pursuant to 5 U.S.C. Section 552, rather than Privacy Act requests, for individuals who are not United States citizens or aliens lawfully admitted for permanent residence.
[3] Providing your social security number is voluntary. You are asked to provide your social security number only to facilitate the identification of records relating to you. Without your social security number, the Department may be unable to locate any or all records pertaining to you.
[4] Signature of individual who is the subject of the record sought.

**FOIA REQUESTS:**
**What can I get? How can I get it?**
**What does it cost? How long does it take?**

## INSTITUTIONAL REQUESTS

**Federal Bureau of Prisons**
-   *What can I get?*
    Inmates housed in a Bureau of Prisons institution may obtain copies of
    their entire institutional file and medical file (except papers indicating
    HIV status). They may also review the files at the institution in which
    they are housed. The complete institutional file contains all Bureau of
    Prisons documents relating to the requesting inmate. A typical file will
    include sentencing information, disciplinary information, separation
    orders, and grievance information, among other things. Inmates may
    also obtain additional materials, including program statements, BOP
    information, Office of Personnel Management (OPM) investigation
    information, contract information, and information on investigations by
    BOP's Office of Internal Affairs. A limited amount of information may
    be redacted due to "harm factors." The Bureau of Prisons will provide
    an explanation for all redaction.

-   *How do I get it?*
    To review their institutional file or medical file, inmates need to contact
    their case manager. To obtain copies of the files, inmates must write to:
    Freedom of Information Act/Privacy Act Section
    Office of General Counsel
    Federal Bureau of Prisons
    320 First Street, N.W.
    Washington, DC 20534
    The telephone number for the office is (202) 514-6655. The written
    request should include an original signature and should either be
    notarized or contain a declaration of identity under penalty of perjury.

-   *What does it cost?*
    There is no cost to review the files and no cost to obtain the first 240
    pages of the request. After the first 240 pages have been copied, the
    Bureau of Prisons will charge $.10 per page.

-   *How long does it take?*
    The Bureau of Prisons attempts to answer each request within 20 days.
    However, due to the large volume of requests, responses generally take
    closer to 30 days.

A-5

EXHIBIT 'B'

FOIA Request 2025-04069
From:bop-ogc-efoia-s@bop.gov
To:lawanda4656@yahoo.com
Date:Thursday, May 8, 2025 at 06:35 AM PDT

Dear Lawanda Johnson,

This is to acknowledge receipt of your Freedom of Information Act (FOIA) request. The Federal Bureau of Prisons (BOP) assigned your request FOIA Request Number 2025-04069.

The records you seek require a field office to search for and collect records and/or we expect any records responsive to your request will be voluminous and require significant time to review, and/or your request requires consultation with at least one other agency with a substantial interest in your request. Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. *See* 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) (2018).

For your information, we use multiple tracks to process requests, but within those tracks we work in an agile manner, and the time needed to complete our work on your request will necessarily depend on a variety of factors, including the complexity of our records search, the volume and complexity of any material located, and the order of receipt of your request.  At this time, we have assigned your request to the complex track. We anticipate processing your request will take up to 9 months.  In an effort to speed up our process, you may wish to narrow the scope of your request to limit the number of potentially responsive records so it can be placed in a different processing track. You can also agree to an alternative time frame for processing, should records be located, or you may wish to await the completion of our records search to discuss either of these options. Any decision with regard to the application of fees will be made only after we determine whether fees will be implicated for this request.

We regret the necessity of this delay, but we assure you your request will be processed as soon as possible. If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, you may contact this Office by e-mail at bop-ogc-efoia-s@bop.gov by telephone at (202) 616-7750, or by writing to the above address. You may also contact our FOIA Public Liaison, Ms. Kara Christenson, at the same email or telephone number to discuss any aspect of your request. You can also check the status of your request online at http://www.bop.gov/foia/index.jsp#tabs-6.

Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448.

Sincerely,

FOIA Staff
Federal Bureau of Prisons
U.S. Department of Justice

B - \

EXHIBIT 'C'

Fw: Scanned image from TRL Copier
From:LaWanda Johnson (lawanda4656@yahoo.com)
To:bop-ogc-efoia-s@bop.gov
Date:Friday, May 9, 2025 at 11:40 AM PDT
Attached is a dispute/document in regards to FOIA Request #2025-04069.

Please assist.

Cordially,
LaWanda A. Johnson, Ph.D.

----- Forwarded Message -----
**From:** Timberland Library <do-not-reply@trl.org>
**To:** "lawanda4656@yahoo.com" <lawanda4656@yahoo.com>
**Sent:** Friday, May 9, 2025 at 10:54:37 AM PDT
**Subject:** Scanned image from TRL Copier

Reply to: Timberland Library <do-not-reply@trl.org>
Device Name: Not Set
Device Model: BP-70C45
Location: Not Set

File Format: PDF (Medium)
Resolution: 150dpi x 150dpi

Attached file is scanned image in PDF format.

C—1

May 8, 2025
Bureau of Prisons Request #2025-04069

To: Ms. Kara Christenson (FOIA Public Liaison)
    bop-ogc-efoia-s@bop.gov
    (202) 616-7750
From: LaWanda A. Johnson, Ph.D.
    P.O. Box #561
    Aberdeen, WA (98520)
    lawanda4656@yahoo.com
    (253) 318-0865
**Topic**: I seek "an opportunity to arrange with the agency an alternative time frame for processing the request...." (5 U.S.C. § 552(a)(6)(B)(ii)- in pertinent part).

Discussion:

    I dispute the agency's assessment that my request involves "unusual circumstances." Recall, I

requested:    1. Results of my ***intake medical screening***, ***psychological screening***, and ***social interview***, contained in my central file. (See 28 C.F.R. § 522.21(a)(3)).

        2. The Bureau of Prison's ***verification of my substance use disorder***. (See 28 C.F.R. § 550.53(b)(1)).

        3. Notification to the committing court, U.S. Marshal, U.S. Attorney's Office, the inmate's attorney of record, and the designated family member or next of kin, of my serious illness (i.e., substance use disorder). (28 C.F.R. § 551.114(c)).

    Any disclosure of test results or medical information is made in accordance with, *interalia*, the Privacy Act of 1974. (28 C.F.R. § 549.14(a)). Routine disclosures for the Bureau of Prisons ("BOP") under the Privacy Act, are published by the BOP in the Department of Justice Privacy Act System of Records Notice entitled "Inmate Physical and Mental Health Record System, JUSTICE/BOP-007." (*Id.*). "Individuals currently or formerly under the custody of the Attorney General and/or the Director of the Bureau, including those individuals under custody for criminal and civil commitments" are covered by the system of records, *viz.*- me. (89 FR 49906- https://www.federalregister.gov/d/2024-12221/p-19).

1

C - 2

May 8, 2025
Bureau of Prisons Request #2025-04069

Relevant to my request, the identified system of records includes: "(7) mental health and drug abuse information, including interview summaries or reports with health care professionals, testing data, and progress or observation notes, generated and maintained by Bureau staff; (8) mental health and drug abuse information generated outside the Bureau by other ... health care providers such as surgical clinics, mental hospitals, private therapists, etc.; and, (11) information concerning individuals with a specific health condition or status ...."  (89 FR 49906- https://www.federalregister.gov/d/2024-12221/p-20).

"Records in this system are retained for a period of thirty (30) years after the expiration of the sentence" (89 FR 49906- https://www.federalregister.gov/d/2024-12221/p-38); and, information "maintained in the system is stored in electronic media in Bureau facilities via a configuration of personal computer, client/server, and mainframe systems, and/or federally-authorized cloud architecture and may be accessed by only those staff with a need-to-know at all Bureau and contractor facilities." (Id. @ https://www.federalregister.gov/d/2024-12221/p-36).

My request is a routine disclosure of my medical information from the agency; ergo, no consultation with at least one other agency with a substantial interest in my request is authorized. Recall, routine uses of records maintained in the system include, disclosures to "any person or entity to the extent necessary to prevent immediate loss of life or serious bodily injury."  (89 FR 49906- https://www.federalregister.gov/d/2024-12221/p-31). Withholding my requested medical information implicates loss of life or serious bodily injury, *viz.*- mine own.



May 8, 2025
Bureau of Prisons Request #2025-04069

Per BOP Program Statement #P5800.17, responsive records are located in my Central File; and, are *not* voluminous: *i)* notifications regarding my serious illness are recorded on form **BP-A0171**: "Record of Information Release" (see attachment 'A'); *ii)* all intake screening forms are located in Section Three of my Central File (see attachment 'B'); and, *iii)* Drug Abuse Program correspondence is located in Section Four of my Central File.  (See attachment 'C').

Please "arrange with the agency an alternative time frame for processing the request...." (5 U.S.C. § 552(a)(6)(B)(ii)- in pertinent part): Specifically, please facilitate the scheduling of an appointment for me and my son (I'm over seventy (70)), to review my central file at FDC-SEATAC: Federal Detention Center, SeaTac; 2425 S 200th St, Seatac, WA (98198), Tel. (206) 870-5700, within fourteen days of your receipt of this dispute/document.

Cordially,

LaWanda A. Johnson, Ph.D

"If your brother sins, go and show him his fault in private;
if he listens to you, you have won your brother."

(Matt. 18:15- NASB)

3

C—4

# Attachment 'A'

C -5

■ American Correctional Association Standards for Administration of Correctional Agencies, 2nd Edition: 2-CO-1E-01, 2-CO-1E-02, 2-CO-1E-03, 2-CO-1E-04, 2-CO-1E-06, 2-CO-1E-07, 2-CO-1E-08, and 2-CO-1E-09.

## REFERENCES

*Program Statements*
P1237.13    Information Security Programs (3/31/06)
P1330.17    Administrative Remedy Program (8/20/12)
P1351.05    Release of Information (9/19/02)
P5100.08    Inmate Security Designation and Custody Classification (9/12/06)
P5180.05    Central Inmate Monitoring System (12/31/07)
P5310.12    Psychology Services Manual (3/7/95)
P5321.07    Unit Management (9/16/99)
P5800.15    Correctional Systems Manual (1/1/09)
P7331.04    Pretrial Inmates (1/31/03)

TRM 5802.02        SENTRY General Use Technical Reference Manual (7/10/00)

Federal Register, Volume 41, Number 181 (9/16/76)

*BOP Forms*
BP-A0171    Record of Information Release
BP-A0337    Inmate Load and Security Designation
BP-A0338    Custody Classification
BP-A0381    Inmate Activity Record
BP-387      Inmate File Check-out Card

*Records Retention Requirements*
Requirements and retention guidance for records and information applicable to this program are available in the Records and Information Disposition Schedule (RIDS) system on Sallyport.

C – 6

# Attachment 'B'

C—7

c. **Section Three:  (Mail, Visits, Property, etc.)**

(1) Extra Photographs (most current)
(2) Identification (originals) (stored in envelope; send to R&D upon release)
(3) Approved Visiting List (most current)
(4) Correspondence relating to Visiting List (disclosable)
(5) Inmate to Inmate Correspondence Approvals (all)
(6) Acknowledgment of Inmate (BP-407) (all)
(7) Acknowledgment of Inmate (BP 408) (original signed)
(8) Inmate Personal Property Records (BP-383) (all)
(9) Confiscation & Disposition of Contraband forms (BP-402) (all)
(10) Authorization to Receive Packages or Property (BP-331) (maintain for two years)
(11) Injury Report – Inmate (BP-140) (all)
(12) Uniform Basic Safety Regulations (BP-169) (most current)
(13) Admission and Orientation (Institution and Unit) Program Checklist (current)
(14) Intake Screening form (Rights & Responsibilities) (all)

P5800.17   4/03/2015

17

# Attachment 'C'

C-9

d. **Section Four: ( Discipline, Work, Education Reports, etc.)**

(1) Chronological Disciplinary Record for Incident Reports written prior to December 1, 1990
(2) Incident Reports, UDC Actions (all)
(3) Discipline Hearing Officer Packet; file each UDC/DHO action as a packet in chronological order (all)
    (a) Incident Report (BP-288)
    (b) Inmate Rights at Discipline Hearing (BP-293)
    (c) Notice of Discipline Hearing Before the DHO (BP-294)
    (d) Duties of Staff Representative (BP-306)
    (e) Waiver of Appearance (BP-307)

17

P5800.17   4/03/2015

    (f) Discipline Hearing Officer (DHO) Report (BP-304)
    (g) DHO Checklist (BP-447)
    (h) Administrative Detention Order (BP-308)
    (i) Special Housing Unit Record (BP-292)
    (j) Special Housing Review (BP-295)
    (k) Temporary Placement in Disciplinary Segregation Order (BP-321), including any supporting disclosable Documentation
(4) SHU forms that are not part of a UDC or DHO packet (all)
    (a) Administrative Detention Order (BP-A0308)
    (b) Special Housing Unit (SHU) Record (BP-A0292)
    (c) Special Housing Review (BP-A0295)
(5) Work Performance Rating forms, UNICOR and IPP (purged after incorporated into the inmate's progress report)
(6) Request for Vacation (most current)
(7) Education-Related Documents
(8) Drug Abuse Program correspondence (most current on top)



C — 10

EXHIBIT 'D'

Re: [EXTERNAL] Fw: Scanned image from TRL Copier
From:BOP-OGC-EFOIA-S (BOP) (bop-ogc-efoia-s@bop.gov)
To:lawanda4656@yahoo.com
Date:Friday, May 16, 2025 at 04:52 AM PDT
Good morning,

The records you have requested require a search of a field office, as such your request has been placed in the complex track. We will attempt to process your request as quickly as possible, however, as we have yet to receive responsive records from the records custodian, our anticipated date of completion is February 13, 2026. Please note, this is only an estimation.

Until then please feel free to check the status of your request at https://www.bop.gov/foia/index.jsp#tabs-6 by entering the number of your request and clicking the "search button".

Sincerely,
P. Willcott, for
Kara Christenson
Supervisory Government Information Specialist

---

**From:** LaWanda Johnson <lawanda4656@yahoo.com>
**Sent:** Friday, May 9, 2025 2:40 PM
**To:** BOP-OGC-EFOIA-S (BOP) <BOP-OGC-EFOIA-S@bop.gov>
**Subject:** [EXTERNAL] Fw: Scanned image from TRL Copier

Attached is a dispute/document in regards to FOIA Request #2025-04069.

Please assist.

Cordially,
LaWanda A. Johnson, Ph.D.

----- Forwarded Message -----
**From:** Timberland Library <do-not-reply@trl.org>
**To:** "lawanda4656@yahoo.com" <lawanda4656@yahoo.com>
**Sent:** Friday, May 9, 2025 at 10:54:37 AM PDT
**Subject:** Scanned image from TRL Copier

Reply to: Timberland Library <do-not-reply@trl.org>
Device Name: Not Set
Device Model: BP-70C45
Location: Not Set

File Format: PDF (Medium)
Resolution: 150dpi x 150dpi

Attached file is scanned image in PDF format.



EXHIBIT 'E'

Response to May 16, 2025 e-mail
From:LaWanda Johnson (lawanda4656@yahoo.com)
To:bop-ogc-efoia-s@bop.gov
Date:Monday, May 19, 2025 at 06:43 AM PDT
Attached is my response to the Public
Liaison's designee of May 16, 2025 e-mail.

Cordially,
LaWanda A. Johnson, Ph.D.



- IMG_20250519_0002.pdf
  707.2kB

E —1

Bureau of Prisons FOIA Request #2025-04069

"The Bureau of Prisons maintains complete information on all inmates confined in Bureau institutions." (P5800.17). I am a former inmate; ergo, the Bureau maintains complete information regarding my health and welfare during the time I was confined.

The 'Bureau' exempts, interalia, the "Inmate Central Records System" and "Inmate Physical and Mental Health Records System" from the Privacy Act. (5 U.S.C. § 552a(j)(2) **and** 28 C.F.R. § 16.97(j) & (n)).

Under FOIA, the Bureau maintains over 180 record systems. The systems concerning inmates that most frequently yield documents responsive to FOIA requests include: prison intelligence record system("TRUINTEL"), the inmate administrative remedy record system, the inmate central records system, the inmate physical and mental health record system, the office of internal affairs investigative records, and the Federal Tort Claims Act record system. (White v. Dept. of Just., 460 F. Supp.3d 725, 771 (S.D. Ill. 2020).

The Bureau uses a SENTRY information indexing system; which, allows nationwide Bureau access to information regarding inmates, that is contained in the various databases electronically stored/maintained by all Bureau facilities through federally-authorized cloud architecture. (89 FR 49906, 49909).

The Bureau is required to conduct a good faith search "using methods which can be reasonably expected to produce the information requested." (Oglesby v. U.S. Dept. of Army: 920 F.2d 57, 68 (D.C. Cir. 1990). To facilitate the Bureau's timely response to my records request I identified two (2), systems of records out of the one hundred and eighty (180), systems of records maintained by the Bureau, where responsive records are likely to be found, viz.- the "Inmate Central Records System" and "Inmate Physical and Mental Health Records System."

Also, I requested expedited processing; and, have contacted FDC-SeaTac to inquire about on-sight inspection and copying. "Staff may disclose information from a Bureau system of records ... (1) With the written consent of the individual to whom the record pertains; ... and (4) For a routine use described in the DOJ 'Notice of Record System.'" (P1351.05: p.7).

The on-sight FOIA officer is available from 7AM to 3PM, Monday through Friday. Will the Public Liaison (or designee), please assist me by scheduling an appointment for inspection and copying of mine own medical records at FDC-Seatac. Historically, the Bureau can respond to expedited medical records requests, like mine, in three (3) days. (See attachment 'A').

Cordially
LaWanda A. Johnson, Ph.D. (#2025-04069)
(Improper prisoner)

"There is an appointed time for everything."
(Eccl. 3:1 NASB)

E-2

An official website of the United States government.  Here's how you know.

Search bop.gov

# Freedom Of Information Act

A powerful resource for gaining access to our public records and information.

Overview    Records    Exemptions & Exclusions    FAQs    Privacy    Request Information    Pending Requests

## What Is FOIA?

The Freedom of Information Act was enacted in 1966 to provide any person with access to Federal agency records and information. It applies only to Federal agencies, not to records held by Congress, the courts, or by state or local government agencies (each state has its own public access laws that should be consulted for access to state and local records). See the U.S. Department of Justice FOIA page    for more information on the Freedom of Information Act.

## Guidance on Attorneys Requesting Their Client's Medical Records

During the COVID-19 pandemic, the BOP FOIA office implemented an expedited process to permit attorneys representing individuals detained pretrial and/or sentenced individuals for purposes of CARES Act/Compassionate Release matters to request medical records by submitting a request via its publicly available email (bop-ogc-efoia-s@bop.gov).

BOP has now expanded that program. Accordingly, if an attorney submits a signed consent form from their client along with a request for their client's medical record to bop-ogc-efoia-s@bop.gov, the request will ordinarily be processed within three business days of receipt. Please note, however, the client's written authorization to provide the medical records to an attorney must be either (1) notarized or (2) sworn under penalty of perjury. A DOJ-Form 361 may be used to satisfy the authorization requirements. The form may be accessed at DOJ-361 Form (bop.gov).

If the attorney does not have a signed consent form from his or her client, the attorney may request medical records for a current adult in custody (AIC) by including the following information about the AIC in an email to bop-ogc-efoia-s@bop.gov:

1. Full name;
2. Current address;
3. Date of birth; and,
4. Place of birth.

In addition, the attorney must provide either a DOJ-361 Form completed and signed by the attorney or a statement either notarized or sworn under penalty of perjury on behalf of the AIC attesting that:

1. The attorney represents the AIC; and,
2. The medical records are necessary to adequately represent his/her client.

## DOJ FOIA Resources

- DOJ FOIA Regulations
- DOJ FOIA Reference Guide

## Contacting the Bureau's FOIA Office

Who should I contact if I have a question about how to make a request or about a request I made?

E-3

**Write:**
FOIA/PA Section
Office of General Counsel, Room 924
Federal Bureau of Prisons
320 First Street, N.W.
Washington, DC 20534

**Email:** BOP-OGC-EFOIA-S@BOP.GOV

**Phone:** Before calling, please see the How to Request Information, Track Request, or FAQs tabs. We have found well over 90% of questions we answer on the telephone are answered on our web page. If you are unable to locate the answer on our web page, our phone number is (202) 616-7750. If the automated message does not answer your question, please either leave a message or select the option to talk with someone. Please note staff are not always available to answer calls, but we strive to return all voice mails within 24 business hours.

## BOP's FOIA Public Liaison

BOP's FOIA Public Liaison is available to explain the FOIA process to you, provide information about the status of your request, and to otherwise assist you in understanding how your request is being handled. BOP's Public Liaison is Ms. Kara Christenson, and she can be reached at (202) 616-7750.

Note: documents in Portable Document Format (PDF) require Adobe Acrobat Reader 5.0 or higher to view. download Adobe Acrobat Reader

| **About Us** | **Inmates** | **Locations** | **Careers** | **Business** | **Resources** | **Resources For ...** |
|---|---|---|---|---|---|---|
| About Our Agency | Find an Inmate | List of our Facilities | Life at the BOP | Acquisitions | Policy & Forms | Victims & Witnesses |
| About Our Facilities | First Step Act | Map of our Locations | Explore Opportunities | Solicitations & Awards | News Stories | Employees |
| Historical Information | Communications | Search for a Facility | Current Openings | Reentry Contracting | Press Releases | Volunteers |
| Statistics | Custody & Care | | Application Process | | Publications | Former Inmates |
| | Visiting | | Our Hiring Process | | Research & Reports | Media Reps |
| | Report a Concern | | | | | |

Accessibility | Contact Us | FOIA | Information Quality | No FEAR Act | Privacy Policy | Website Feedback
Bop.gov Mobile Version | USA.gov | Justice.gov | Open Government

E-4

EXHIBIT 'F'



**U.S. Department of Justice**
**Federal Bureau of Prisons**

_Central Office_
_320 First St., NW_
_Washington, DC 20534_

May 27, 2025

Lawanda Johnson
P.O. Box 561
1252 N. Broadway St.
Aberdeen, WA 98520                    Request Number: 2025-04069

Dear Lawanda Johnson:

The Federal Bureau of Prisons (BOP) received the above-referenced Freedom of Information Act (FOIA) request wherein you seek expedited processing. A copy of your request is attached.

The Department of Justice requires all requests for records be processed on a first-in, first-out basis. The four exceptions to this requirement are: "(i) Circumstances in which the lack of expedited processing could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; (ii) An urgency to inform the public about an actual or alleged Federal Government activity, if made by a person who is primarily engaged in disseminating information; (iii) The loss of substantial due process rights; or (iv) A matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence." 28 C.F.R. § 16.5(e). The BOP makes the determination regarding the first three exceptions, and the Department of Justice's Director of Public Affairs makes the determination when the fourth category is relied upon as the basis for requesting expedited treatment.

You requested expedited processing under exception (i).

You provided insufficient information to support your claim regarding circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual. Your letter fails to explain how access to the requested records would alleviate a specific threat to the life or physical safety of an individual.

Therefore, your request will be processed in the order in which it was received.

If you have any questions or wish to discuss reformulation or an alternative time frame for the processing of your request, please feel free to contact the CO at 913-551-1632 (phone) or the BOP's FOIA Public Liaison, Mr. Eugene Baime, at: 320 First Street NW, Room 924, Washington, DC 20534; bop-ogc-efoia-s@bop.gov; or 202-616-7750

(phone). You can also check the status of your request online at
http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at
the National Archives and Records Administration to inquire about the FOIA mediation
services they offer. The contact information for OGIS is: Office of Government
Information Services, National Archives and Records Administration, 8601 Adelphi
Road (OGIS), College Park, MD 20740-6001; ogis@nara.gov; 202-741-5770 (phone);
1-877-684-6448 (toll free); or 202-741-5769 (fax).

If you are not satisfied with my response to this request, you may administratively
appeal by writing to the Director, Office of Information Policy (OIP), United States
Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530, or you
may submit an appeal through OIP's FOIA STAR portal by creating an account following
the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-
or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days
of the date of my response to your request. If you submit your appeal by mail, both the
letter and the envelope should be clearly marked "Freedom of Information Act Appeal."
If possible, please provide a copy of your original request and this response letter with
your appeal.

Sincerely,

P. Willcott, for
Kara Christenson
Supervisory Government Information Specialist

F-2

EXHIBIT 'G'

June 3, 2025
BOP FOIA Request Number: 2025-04069

I dispute the component's finding that I "provided insufficient information to support [my] claim regarding circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual." (See May 27, 2025 correspondence- Attachment 'A').

Congress directed each agency to promulgate regulations providing for the expedited processing of requests for records, in two situations-when the person requesting the records "demonstrates a compelling need," and "in other cases determined by the agency." (5 U.S.C. § 552(a)(6)(E)(i)(I), (II)).

I demonstrated a compelling need, *viz*.- my status as a *patient*. (See 18 U.S.C. § 3621(b) & (e); and, 42 CFR § 2.11).

Because the component's May 27, 2025 correspondence was issued **one day** before expiration of the twenty (20) day time requirement (5 U.S.C. § 552(a)(6)(A)(i)), expedited processing is no longer possible. Ergo, appealing the component's finding (*supra*.), can provide no meaningful relief in the administrative context. (*Cf.* 28 U.S.C. § 1657(a)).

I have a right of access to my protected health information. (45 CFR § 164.524(a) & 42 CFR § 2.23). As a covered entity, the component "must permit an individual to request access to inspect or to obtain a copy of the protected health information about the individual that is maintained in a designated record set." (45 CFR § 164.524(b)).

Having previously suggested an alternative time frame involving on-site inspection and copying at a local component facility (*i.e.*, FDC-SEATAC), I will contact "the BOP's FOIA Public Liaison, Mr. Eugene Baime, at … (202) 616 -7750 (phone)" per your correspondence of May 27, 2025.

Please note the pending expiration of the ten (10) day disclosure requirement under 5 U.S.C. § 552(a)(6)(B)(i): "[F]ailure to abide by the statutory deadlines is unlawful." (*Nat. Res. Def. Council, Inc. v. U.S. E.P.A.*, 966 F.2d 1292, 1300 (9th Cir. 1992)).

Cordially,

LaWanda A. Johnson, Ph.D.

"*Let every person be subject to the governing authorities.*"

Romans 13:1 (ESV)

G-1

Attachment A-1



**U.S. Department of Justice**
**Federal Bureau of Prisons**

*Central Office*
*320 First St., NW*
*Washington, DC  20534*

May 27, 2025

Lawanda Johnson
P.O. Box 561
1252 N. Broadway St.
Aberdeen, WA 98520                    Request Number: 2025-04069

Dear Lawanda Johnson:

The Federal Bureau of Prisons (BOP) received the above-referenced Freedom of
Information Act (FOIA) request wherein you seek expedited processing. A copy of your
request is attached.

The Department of Justice requires all requests for records be processed on a first-in,
first-out basis. The four exceptions to this requirement are: "(i) Circumstances in which
the lack of expedited processing could reasonably be expected to pose an imminent
threat to the life or physical safety of an individual; (ii) An urgency to inform the public
about an actual or alleged Federal Government activity, if made by a person who is
primarily engaged in disseminating information; (iii) The loss of substantial due process
rights; or (iv) A matter of widespread and exceptional media interest in which there exist
possible questions about the government's integrity that affect public confidence." 28
C.F.R. § 16.5(e). The BOP makes the determination regarding the first three
exceptions, and the Department of Justice's Director of Public Affairs makes the
determination when the fourth category is relied upon as the basis for requesting
expedited treatment.

You requested expedited processing under exception (i).

You provided insufficient information to support your claim regarding circumstances in
which the lack of expedited treatment could reasonably be expected to pose an
imminent threat to the life or physical safety of an individual. Your letter fails to explain
how access to the requested records would alleviate a specific threat to the life or
physical safety of an individual.

Therefore, your request will be processed in the order in which it was received.

If you have any questions or wish to discuss reformulation or an alternative time frame
for the processing of your request, please feel free to contact the CO at 913-551-1632
(phone) or the BOP's FOIA Public Liaison, Mr. Eugene Baime, at: 320 First Street NW,
Room 924, Washington, DC 20534; bop-ogc-efoia-s@bop.gov; or 202-616-7750



Attachment A-2

(phone). You can also check the status of your request online at
http://www.bop.gov/PublicInfo/execute/foia.

Additionally, you may contact the Office of Government Information Services (OGIS) at
the National Archives and Records Administration to inquire about the FOIA mediation
services they offer. The contact information for OGIS is: Office of Government
Information Services, National Archives and Records Administration, 8601 Adelphi
Road (OGIS), College Park, MD 20740-6001; ogis@nara.gov; 202-741-5770 (phone);
1-877-684-6448 (toll free); or 202-741-5769 (fax).

If you are not satisfied with my response to this request, you may administratively
appeal by writing to the Director, Office of Information Policy (OIP), United States
Department of Justice, 441 G Street, NW, 6th Floor, Washington, DC 20530, or you
may submit an appeal through OIP's FOIA STAR portal by creating an account following
the instructions on OIP's website: https://www.justice.gov/oip/submit-and-track-request-
or-appeal. Your appeal must be postmarked or electronically transmitted within 90 days
of the date of my response to your request. If you submit your appeal by mail, both the
letter and the envelope should be clearly marked "Freedom of Information Act Appeal."
If possible, please provide a copy of your original request and this response letter with
your appeal.

Sincerely,

*T. Willcott*

P. Willcott, for
Kara Christenson
Supervisory Government Information Specialist

G-3

EXHIBT 'H'

Re: [EXTERNAL] Re: FOIA Number 2025-04069
From:BOP-OGC-EFOIA-S (BOP) (bop-ogc-efoia-s@bop.gov)
To:lawanda4656@yahoo.com
Date:Thursday, June 12, 2025 at 04:32 AM PDT
Good morning,

If you are not satisfied with our office's determination, please follow the guidance at the bottom of your letter sent to you on May 27, 2025.

Respectfully,
P. Willcott
Government Information Specialist
Department of Justice
Office of the General Counsel

---

**From:** LaWanda Johnson <lawanda4656@yahoo.com>
**Sent:** Tuesday, June 3, 2025 11:15 AM
**To:** BOP-OGC-EFOIA-S (BOP) <BOP-OGC-EFOIA-S@bop.gov>
**Subject:** [EXTERNAL] Re: FOIA Number 2025-04069

Hello and good Tuesday morning!

Attached is my response to the components
May 27, 2025 e-mail correspondence regarding
my BOP FOIA Request Number: 2025-04069.

Cordially,
LaWanda A. Johnson, Ph.D.

On Tuesday, May 27, 2025 at 12:35:38 PM PDT, <bop-ogc-efoia-s@bop.gov> wrote:


Please see attached.
Respectfully,
P. Willcott
Government Information Specialist
Department of Justice
Office of the General Counsel