UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAWANDA A. JOHNSON, Ph.D.,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF
JUSTICE and UNITED STATES
FEDERAL BUREAU OF PRISONS,
Defendants.

CASE NO. 2:25-cv-01181-TL

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT

This matter is before the Court on the Parties' cross-motions for summary judgment. Having considered Plaintiff's Motion for Summary Judgment (Dkt. No. 16), Defendants' Combined Opposition and Cross-Motion for Summary Judgment (Dkt. No. 36), Plaintiff's Combined Opposition and Reply (Dkt. No. 40), Defendants' Reply (Dkt. No. 47), the first paragraph of Plaintiff's Surreply (Dkt. No. 51 at 1),[1] and the relevant record, the Court FINDS that Plaintiff's single claim for relief is now moot, DISMISSES the case for lack of jurisdiction, and DENIES AS MOOT both motions for summary judgment.

---

[1] *See infra* Section III.A.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT – 1

## I.    BACKGROUND

On June 24, 2025, Plaintiff LaWanda A. Johnson brought this action against Defendants the United States Department of Justice ("DOJ") and the United States Bureau of Prisons ("BOP") asserting violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(a). Dkt. No. 1 (Complaint); *see also* Dkt. No. 6 (Praecipe to Attach Page 2 of Complaint) at 2. Plaintiff, who was previously in BOP custody, had submitted a FOIA Request to BOP dated April 24, 2025. Dkt. No. 6 at 2 ¶¶ 5, 9; Dkt. No. 1-3 (Exhibits to Complaint) at 2 (FOIA Request). The request sought three narrow categories of documents:

(1)    Results, from Plaintiff's central file, of her (a) intake medical screening; (b) her psychological screening, and (c) social interview;

(2)    BOP's "verification of [Plaintiff's] substance use disorder" under 28 C.F.R. § 550.53(b)(1)); and

(3)    Notification sent "to the committing court, U.S. Marshal, U.S. Attorney's Office, the inmate's attorney of record, and the designated family member or next of kin" of her "serious illness (i.e., substance use disorder)" pursuant to 28 C.F.R. § 551.114(c).

Dkt. No. 1-3 at 2.

On Thursday, May 8, 2025, FOIA staff at the BOP sent Plaintiff a letter acknowledging receipt of her request and informing her:

> The records you seek require a field office to search for and collect records and/or we expect any records responsive to your request will be voluminous and require significant time to review, and/or your request requires consultation with at least one other agency with a substantial interest in your request. Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute. *See* 5 U.S.C. § 552 (a)(6)(B)(i)-(iii) (2018).

Dkt. No. 1-3 at 8 (acknowledgement letter).

Plaintiff disputed the determination that her request included "unusual circumstances" (Dkt. No. 1-3 at 11 (May 8, 2025, email)) and exchanged a number of letters with BOP FOIA

staff in which she requested, and was denied, expedited processing of her FOIA request (*See generally* Dkt. No. 1-3 at 9–35 (various exhibits to complaint)). On June 24, 2025, Plaintiff filed the instant action against both DOJ and BOP. In a section of the complaint entitled "Failure to Timely Comply with Plaintiff's FOIA Request" (Dkt. No. 6 at 2; Dkt. No. 1 at 2), which the Court construes as a statement of the claim asserted, Plaintiff alleges that Defendants did not produce responsive records within the 20-day period set forth in 5 U.S.C. § 552 (a)(6)(A)(i) (Dkt. No. 1 ¶ 10), that no "unusual circumstances" justified a 10-day extension under 5 U.S.C. § 552 (a)(6)(B)(i) (*id.* ¶ 11), that her offer of an alternative schedule for production was unsuccessful (*id.* ¶ 12; *see* 5 U.S.C. § 552 (a)(6)(B)(ii)), that she had exhausted her administrative remedies (Dkt. No. 1 ¶ 13), and that Defendants were "wrongfully withholding the requested records" (*id.* ¶ 14).

On July 15, 2025, BOP made its first rolling release of records to Plaintiff in response to her FOIA Request. Dkt. No. 36 at 4; *see also* Dkt. No. 37-5 (first release letter). BOP made a second rolling release of records on August 20, 2025, which it viewed as completing its response to Plaintiff's FOIA request. Dkt. No. 36 at 5; *see also* Dkt. No. 37-6 (second release letter). Additionally, "in an effort to try and resolve any concern that Plaintiff may have regarding the scope of BOP's search," BOP offered "to process all of the documents in Plaintiff's central BOP file—whether or not they are responsive to Plaintiff's FOIA request—and release all non-exempt information from Plaintiff's central file." Dkt. No. 28 (Joint Status Report) at 2–3. Although Plaintiff did not believe release of her full central file was necessary (*id.* at 5), the Court ordered BOP to "process[] and release[] all remaining non-exempt information from Plaintiff's central file." Dkt. No. 32 (Order Setting Deadlines) at 1. BOP complied with this Order by producing all non-exempt documents for Plaintiff's central file to her on December 10, 2025. Dkt. No. 36 at 6; *see also* Dkt. No. 37-5 (third release letter).

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT – 3

Plaintiff does not dispute that these releases occurred, and she does not challenge the statutory exemption of certain information as detailed in each release letter. *See generally* Dkt. Nos. 16, 40.[2] However, there is disagreement between the Parties as to the sufficiency of BOP's search, which did not uncover any "notification of illness" record made pursuant to 28 C.F.R. § 551.114(c). *See* Dkt No. 36 at 11–13; Dkt. No. 40 at 6–7, 15–19. Plaintiff believes such a document exists and is in BOP's possession and she has identified a specific allegedly responsive document she calls "the Ogden Declaration," which is filed under seal on the docket of Plaintiff's criminal prosecution in this District in 2010. *See* Dkt. No. 28 at 5–8; *see also* Dkt. No. 28 at 14 (Feb. 12, 2010, motion to seal filed by the Government in *United States v. Johnson*, No. CR09-5703, on the basis that "[t]he declaration of Margaret Ogden and attachments contain sensitive medical information regarding the defendant Lawanda Johnson."). The Ogden Declaration was not included in BOP's production. Dkt. No. 40 at 11. Plaintiff sought "to conduct discovery under the FOIA regarding the M. Ogden declaration[] and[] any applicable medical record retention policies." Dkt. No. 28 at 7. Defendants assert that BOP has conducted a thorough, good-faith search for the Ogden Declaration, and has not located it in BOP's records. Dkt. No. 36 at 6. Defendants also argue that the Ogden Declaration is not a notification of illness pursuant to C.F.R. § 551.114(c) (and thus responsive to Plaintiff's FOIA request), and that there is no reason to believe any Section 551.1114(c) notification for Plaintiff exists. *Id.*

## II.   LEGAL STANDARD

Article III of the United States Constitution limits the jurisdiction of the federal courts to live cases and controversies. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). As a result of this

---

[2] Plaintiff's motion for judgment contains the following language: "Of course, 5 U.S.C. § 552(b)(6) & (7), exemptions are unreasonable because *i)* there is no unwarranted invasion of Plaintiffs personal privacy by Plaintiff, (see 42 C.F.R. § 2.23(a)); and, *ii)* there has been no production of an order under 42 C.F.R. § 2.65. (See 42 C.F.R. § 2.23(b))." Dkt. No. 16 at 6–7. However, this appears to be an argument against hypothetically applying these exemptions to the so-called "Ogden Declaration" BOP maintains it could not locate, not an objection to any exemption BOP actually claimed for redacting or withholding records.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT – 4

limited jurisdiction, the mootness doctrine requires federal courts to dismiss claims that no longer involve a "real and substantial" controversy. *Id.* at 401 (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). An "actual controversy must exist at all stages of review, not merely at the time the complaint is filed." *Providence Health & Servs. v. Benson*, No. C09-1668, 2011 WL 1154361, at * 2 (W.D. Wash. Mar. 23, 2011) (citing *SEC v. Med. Comm. for Human Rights*, 404 U.S. 403 (1972). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)).

"Summary judgment is the procedural vehicle by which nearly all FOIA cases are resolved." *Shannahan v. I.R.S.*, 637 F. Supp. 2d 902, 912 (W.D. Wash. 2009) (citation modified). This is because "the facts are rarely in dispute, and courts generally need not resolve whether there is a genuine issue of material fact." *Id.* Once a claim has become moot—and a live case or controversy as to that claim ceases to exist—summary judgment on that claim should be denied because such a judgment would be akin to an advisory opinion. *See Providence Health & Servs.*, 2011 WL 1154361, at *2 (citing *Siskiyou Reg'l Educ. Project v. United States Forest Serv.*, 565 F.3d 545, 559 (9th Cir. 2009)).

### III.    DISCUSSION

#### A.    Plaintiff's Motion to Strike

Before considering the arguments in the Parties' dispositive motions, the Court addresses Plaintiff's motion to strike, presented in a surreply. Dkt. No. 51.

Under Local Civil Rule ("LCR") 7(g), a request to strike material contained in or attached to a reply brief must be made in "a surreply requesting that the court strike the material[.]" Such surreply is "strictly limited to addressing the request to strike. Extraneous argument or a surreply filed for any other reason will not be considered." LCR 7(g)(2).

Only the first paragraph of Plaintiff's surreply—which (a) correctly notes that new arguments and evidence may not be presented for the first time in reply and (b) asks the Court to strike the Second Declaration of Kara Christenson (Dkt. No. 48) and a portion of Defendants' reply (spanning from page 12, line 15 to page 13, line 8)—complies with LCR 7. The Court considers the merits of this request below. However, the remainder of Plaintiff's surreply, while couched as a request that the Court "strike" certain arguments by Defendant that amount to an "insufficient defense,"[3] is in fact pure rebuttal of Defendants' arguments, which is not permitted in a surreply under LCR 7(g). The Court will not consider these untimely arguments.

As for Plaintiff's request that the Court strike the Second Declaration of Kara Christenson (Dkt. No. 48) and part of Defendants' reply, the Court DENIES the request. The challenged material is directly responsive to twelve alleged "misrepresentations and material omissions of fact" Plaintiff attributes to Ms. Christenson in her Combined Opposition and Reply. *See* Dkt. No. 48; *see also* Dkt. No. 40 at 4–8. Defendants could not have responded to these arguments before Plaintiff made them in her response, so its arguments in reply are not untimely. Defendants were also justified in supporting their rebuttal with a rebuttal declaration by Ms. Christenson, whose first declaration was the subject of Plaintiff's detailed attack. Because both the declaration and the associated arguments in Defendant's reply are directly responsive to arguments raised in Plaintiff's brief, the Court finds no basis for striking them. *See Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007) ("Evidence is not 'new,' however, if it is submitted in direct response to proof adduced in opposition to a motion"); *see also Terrell v. Contra Costa County*, 232 Fed. App'x 626, 629 n.2 (9th Cir. 2007) (evidence

---

[3] Plaintiff cites Federal Rule of Civil Procedure 12(f), which allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But a reply brief is not a pleading. *See* Fed. R. Civ. P. 7(a). LCR 7(g), not Rule 12, applies to a motion to strike material contained in a motion or brief.

adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts").

**B.      Cross-Motions for Summary Judgment**

Both Parties move for Summary Judgment in their favor. Plaintiff argues that she is entitled to summary judgment because "It has been more than 60 calendar days since the BOP received Plaintiff's request; yet, Plaintiff has not been provided *all* responsive records." Dkt. No. 16 at 5. Plaintiff appears to seek an injunction ordering BOP to produce agency records that have been improperly withheld. *Id.* (citing 5 U.S.C. § 552(a)(4)(B)). Defendants argue that they are entitled to summary judgement because Plaintiff's "Failure to Timely Comply" claim was mooted by complete production of non-exempt agency records (Dkt. No. 36 at 8), Plaintiff did not raise any claims related to the sufficiency of BOP's search for records or the appropriateness of its exemptions (*see id.* at 8–9), and that, even if the sufficiency of the search were at issue, BOP conducted a reasonable search process under applicable law (*id.* at 9).

**1.      Failure to Respond Within the Time Required**

**a.      Statutory Regime**

A person seeking agency records under FOIA has exhausted their administrative remedies, and may seek relief in a federal district court, if the agency fails to comply with the statutory timeline provisions. 5 U.S.C. § 552(a)(6)(C)(i). These provisions include a requirement that the agency determine whether to comply with a FOIA request within twenty business days of receiving it and shall notify the requester of their determination "immediately." *Id.* § 552(a)(6)(A)(i). "A 'determination' need not be the full production of documents, but at a minimum the agency must inform the requester what documents it will produce and the exceptions it will claim in withholding documents." *Our Children's Earth Found. v. Nat'l*

*Marine Fisheries Serv.*, 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015) (citing *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n,* 711 F.3d 180, 184 (D.C. Cir. 2013)).

An agency may extend the standard 20-day deadline if there are "unusual circumstances," which are defined to include "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." *Id.* § 552(a)(6)(B)(i), (iii)(I). If an "unusual circumstances" exception will be longer than ten working days, the agency must connect the requestor with a FOIA Public Liaison and allow the requester an opportunity to modify the scope of the request or negotiate a different timeline for production. *Id.* § 552(a)(6)(B)(i)–(ii).

A requestor who rejects an agency's determination that certain records are exempt from public disclosure and will be redacted or withheld is entitled to an appeal, which must be decided within twenty working days. *Id.* § 552(a)(6)(A)(ii). The FOIA statute does not, however, establish a specific deadline for the production and delivery of the actual records an agency determines it *will* release. Instead, the statute requires that records be made "promptly available." 5 U.S.C. § 552(a)(3)(A). "[D]epending on the circumstances[, this] typically would mean within days or a few weeks of a 'determination,' not months or years." *Kinnucan v. Nat'l Sec. Agency*, No. C20-1309 MJP, 2021 WL 6125809, at *9 (W.D. Wash. Dec. 28, 2021) (citing *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013), *vacated on other grounds*, 2024 WL 6470402, at *1 (9th Cir. Apr. 30, 2024). If all non-exempt records are not made promptly available, a respondent may assert a claim for (1) failure to conduct an adequate search under 5 U.S.C. § 552(a)(3)(C) or (2) wrongful withholding under Section 552(a)(3)(A). These are distinct claims separate from a claim for failure to respond within the time required under Section 552(a)(6)(A)(i). *See Taitz v. Colvin*, No. C13-1878, 2013 WL 6623196, at *2 (D. Md. Dec. 13, 2013) ("Plaintiff's Amended Complaint was filed before the

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT – 8

SSA responded to her FOIA request, and has been rendered moot by the SSA's response to her FOIA request. If plaintiff takes issue with the adequacy of the SSA's response, she must amend her complaint to add allegations that the SSA's response was deficient.").

### b.    Timeliness of Compliance

It is not immediately clear whether Defendant complied with the statutory timeline under 5 U.S.C. § 552. Although "failure to timely comply" is the only claim asserted in the complaint, and although Defendants do not claim that Plaintiff has failed to exhaust her administrative remedies (implying a concession of unreasonable delay), neither Party has actually offered argument on the merits of Plaintiff's claim that BOP did not reply to her FOIA request within the statutory timeline. Rather, BOP contends the delay claim is moot (*see* Dkt. No. 36 at 8–9), and Plaintiff abandons the timely compliance claim entirely, arguing instead that the case as a whole is not moot because a live dispute over the Odgen declaration remains (*see* Dkt No. 40 at 12).

Even assuming for the sake of argument that BOP *did* fail to abide by the applicable deadlines and that the delay was sufficiently egregious to justify relief, Plaintiffs' remedy would be limited to (1) declaratory relief that Defendants violated the statute and (2) the ability to seek judicial review in this Court. *See, e.g.*, *Munger, Tolles & Olson LLP ex rel. Am. Mgmt. Servs. LLC v. U.S. Dep't of Army*, 58 F. Supp. 3d 1050, 1054 (C.D. Cal. 2014) (granting declaratory relief for "[a] total unjustified delay of over a year" after agency failure to respond to a FOIA appeal); *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 189 (D.D.C. 2013) ("If the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."). But the case is already here in federal court, and Defendants have not asserted the failure to administratively exhaust as a defense.

### c.    Mootness

Regardless, the Court need not resolve Plaintiff's timeliness claim because it has become moot. As a general matter, "actual production moots" a FOIA claim, and declaratory relief is not appropriate. *Kinnucan*, 2021 WL 6125809, at *9. In a typical FOIA dispute, then, "[a] declaration that an agency's initial refusal to disclose requested information was unlawful, after the agency made that information available, would constitute an advisory opinion in contravention of Article III of the Constitution." *Cmty. Ass'n for Restoration of the Env't, Inc. v. U.S. EPA*, 36 F. Supp. 3d 1039, 1047 (E.D. Wash. 2014) (quoting *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988)). However, where violations of the FOIA response deadlines are alleged to be part of a pattern and practice of non-compliance with FOIA requirements, a declaratory judgment that the agency violated FOIA may be appropriate. *See Our Children's Earth Found.,* 85 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015) (citing *Payne Entertainment,* 837 F.2d 486); *see also Kinnucan*, 2021 WL 6125809, at *9.

Here, Plaintiff has neither presented any evidence nor argued that any delay is part of a pattern or practice at BOP. Therefore, "[b]ecause Plaintiff[] ha[s] already filed this action"—and because BOP has completed its production in response to her FOIA request—"any violation of the time requirement is moot, and no further declaratory relief is appropriate." *Singh v. US Dep't of State*, No. C18-1210, 2020 WL 230908, at *2 (W.D. Wash. Jan. 15, 2020).

### 2.    Plaintiff Asserted No Other Claims in Her Complaint

A great deal of Defendant's briefing, and *all* of Plaintiff's responsive briefing, has to do with the question of whether BOP conducted an adequate search and ultimately disclosed all non-exempt documents related to Plaintiff's FOIA request. *See* Dkt. No. 36 at 9–14; Dkt. No. 47 at 4–12 *See generally* Dkt Nos. 16, 40. But as Defendants point out, Plaintiff did not raise any claim in her complaint related to the adequacy of BOP's search or challenging the withholding of

any document. *See* Dkt. No. 36 at 8. Plaintiff raised only a single claim, for "Failure to Timely Comply with Plaintiff's FOIA Request," alleging violations of 552 U.S.C. § 552(a)(6). Dkt. No. 6 at 2 (capitalization modified and boldface omitted). To be sure, pro se complaints are construed liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011). However, a court "should not supply essential elements of the [pro se] claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, C29-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (citation modified). Here, no possible reading of the Complaint includes a valid challenge to the sufficiency of the records produced by BOP, as the Complaint was filed before production had begun. And it is "axiomatic" that a plaintiff may not amend her pleading via dispositive motion briefing. *See Olympic Tug & Barge, Inc. v. Lovel Briere LLC*, 668 F. Supp. 3d 1165, 1177 (W.D. Wash. 2023) (quoting *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014)); *see also Taitz*, 2013 WL 6623196, at *2 (dismissing FOIA complaint as moot where, as here, complaint was "premised only on the [defendant agency's] failure to respond to plaintiff's FOIA request" and "Plaintiff first raised the issue of inadequacy in her Opposition").

Defendants assert, and Plaintiff does not deny, that Plaintiff "declined BOP's invitation to amend any of her pleadings or arguments." Dkt. No. 36 at 2. Therefore, although the Court might otherwise have exercised its discretion to allow Plaintiff to amend her Complaint to encompass the adequacy of BOP's search, *see Taitz*, 2013 WL 6623196, at *2,[4] it will not do so (and, in any case, Plaintiff has not requested leave to amend). The Court considers only the single claim alleged in the Complaint and does not reach the Parties' arguments related to the sufficiency of Defendants' production.

---

[4] Unlike here, the *Taitz* opinion gives no indication that the plaintiff in that case had refused opportunities to amend her complaint. Moreover, the Court does not share the *Taitz* court's optimism that "[i]n regard to the adequacy of the search, plaintiff's arguments that the [defendant] has failed to meet its obligations under the FOIA may have merit." 2013 WL 6623196, at *2.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT – 11

## IV.    CONCLUSION

Accordingly, the Court FINDS that the only claim raised in the Complaint—and therefore this matter in its entirety—is moot. The matter is hereby DISMISSED AS MOOT without prejudice and without leave to amend the Complaint. Plaintiff's Motion for Summary Judgment (Dkt. No. 16) and Defendants' Motion for Summary Judgment (Dkt. No. 36) are DENIED AS MOOT.

Dated this 2nd day of July, 2026.

Tana Lin
United States District Judge